IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:16-CR-30-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS WAYNE GODARD, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss counts three, five, and seven, pursuant to Federal Rule of Criminal Procedure 12(b)(1) and 12(b)(6) (DE 49).[1] The government has responded in opposition and defendant has replied. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is denied.

**BACKGROUND**

Indictment filed April 27, 2016, charges defendant and two co-defendants with three counts of Hobbs Act robberies under 18 U.S.C. § 1951 (counts two, four, and six); three counts of using and carrying a firearm in relation to a crime of violence, where said firearm was brandished, under 18 U.S.C. § 924(c) (counts three, five, and seven). The indictment further charges defendant with conspiring to commit Hobbs Act robbery (count one) and possession of a firearm by a felon (count ten). Defendant moves to dismiss counts three, five, and seven, on the basis that the Hobbs Act robberies named as predicate crimes for purposes of these counts in the indictment do not qualify

---

[1] Also before the court is defendant's motion to appoint new counsel (DE 61), which the court will address by separate order.

as crimes of violence under 18 U.S.C. § 924(c)(3), particularly in light of the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015).

**COURT'S DISCUSSION**

Under 18 U.S.C. § 924(c), as pertinent here, "any person who, during and in relation to any crime of violence . . . uses or carries a firearm," is subject to a sentence to a term of imprisonment of not less than 7 years if the firearm is brandished. 18 U.S.C. § 924(c)(1)(A) (emphasis added). For purposes of this subsection the term "crime of violence" means an offense that is a felony and –

>  (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> 
>  (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The government argues that Hobbs Act robbery as charged in the instant indictment qualifies as a crime of violence under both subsection (A) and (B) of 18 U.S.C. § 924(c)(3). The court agrees.

As a preliminary matter, the court notes that, prior to Johnson, the law in this circuit effectively was settled that Hobbs Act robbery constituted a predicate crime of violence for purposes of § 924(c)(3). See, e.g., United States v. Phan, 121 F.3d 149, 152–53 & n.7 (4th Cir. 1997) (conspiracy to committ Hobbs Act robbery); see also United States v. Blackman, 746 F.3d 137, 139 (4th Cir. 2014) (affirming conviction for brandishing a firearm during and in relation to a crime of violence based on Hobbs Act robbery, with issue not raised); United States v. Tillery, 702 F.3d 170, 172 (4th Cir. 2012) (same).

2

Defendant now raises the issue whether the reasoning in Johnson, which held unconstitutional the "residual clause" in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), see 135 S.Ct. at 2556-2560, should apply also to render unconstitutional subsection (B) in 18 U.S.C. § 924(c)(3). The court is unconvinced, given significant differences between the text of the residual clause of the ACCA and § 924(c)(3)(B). The court recognizes that the Fourth Circuit has not addressed the question and that there exists a split among other circuits addressing the viability of § 924(c)(3)(B) and the similarly-worded 18 U.S.C. § 16(b). The more persuasive view, however, expressed by the Fifth Circuit recently en banc, is that Johnson did not by implication render the language in § 924(c)(3)(B) unconstitutional. See United States v. Gonzalez-Longoria, 831 F.3d 670, 675-79 (5th Cir. 2016) (en banc). Therefore, prior Fourth Circuit precedent applying §924(c)(3)(B) to Hobbs Act robbery is undisturbed by Johnson.

In addition, turning to subsection (A) of § 924(c)(3), the court notes that circuit courts addressing the question have held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A). See, e.g., United States v. Hill, 832 F.3d 135, 140-42 (2d Cir. 2016) (holding that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)); United States v. Robinson, 844 F.3d 137, 141 (3d Cir. 2016) (same); United States v. House, 825 F.3d 381, 387 (8th Cir. 2016) (same); United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir. 1993) (same); In re Chance, 831 F.3d 1335, 1337-38 (11th Cir. 2016) (same). Although the Fourth Circuit has not addressed this issue, multiple courts in this circuit and in this district have held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A). See, e.g., United States v. Hancock, 168 F. Supp. 3d 817, 824 (D. Md. 2016); United States v. McDaniels, 147 F. Supp. 3d 427, 434 (E.D. Va. 2015);

3

United States v. Merinord, No. 5:15-CR-136-BO, 2015 WL 6457166, at *5 (E.D.N.C. Oct. 26, 2015).

The court rejects defendant's argument that United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012) is controlling. As an initial matter, the holding in Torres-Miguel is not binding, given that Torres-Miguel did not address Hobbs Act robbery, but rather a prior California criminal conviction for a criminal threat, and it did not address § 924(c)(3)(A), but rather U.S.S.G. § 2L1.2. See 701 F.3d at 169. Moreover, the reasoning in Torres-Miguel is not persuasive, given the reasoning of subsequent authority set forth above, addressing the scope of § 924(c)(3)(A).

In sum, Hobbs Act robbery qualifies as a predicate "crime of violence" under § 924(c)(3), supporting the charge of using and carrying a firearm in relation to a crime of violence as charged in counts three, five, and seven of the instant indictment. Therefore, defendant's motion to dismiss such counts must be denied.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 49) is DENIED.

SO ORDERED, this the 20th day of January, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge